# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CALVIN B. JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. MARSHALS, U.S. DISTRICT COURT OF GEORGIA SAVANNAH DIVISION, U.S. DISTRICT COURT OF GEORGIA SAVANNAH DIVISION BOARD OF DIRECTORS,<br><br>    Defendants. | CIVIL ACTION NO.: 4:20-cv-184 |

## **O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's November 14, 2022, Report and Recommendation, (doc. 9), to which plaintiff filed an objection, (doc. 10). Also pending before the Court is Plaintiff's Motion for an Extension of Time to File Objections. (Doc. 11).

Although not entirely clear, Plaintiff's Motion for Extension of Time appears to request that the Court excuse his untimely filed Objection. (See doc. 11.) He states that he has been transferred from the Federal Correctional Complex in Coleman, Florida to "USP LEE in Jonesville, VA," and that even though "Courts have the responsibility of forwarding all responses" they have failed to do so in this case. (Id.) Plaintiff is mistaken about the Court's responsibilities, but nevertheless the Court has considered his untimely filed Objection. Thus, his request for an extension of time is **DENIED AS MOOT**. (Doc. 11.)

Plaintiff first argues that the Magistrate Judge did not identify how his claim is frivolous. (Doc. 10, p. 1.)  He complains that "Courts must identify probable cause for arrest and provide a jurisdictional statement" and that "there is no exclusionary rule for either."  (Id.)  Thus, he argues that his suit against the U.S. Marshals, the District Court, and its "Board of Directors" should prevail.  (Id.)  Plaintiff misconstrues the burden of litigating in an adversarial court system.  It is not incumbent upon the Court to disprove his claim, but rather he bears the burden to state a claim against a defendant subject to suit, and the Court must then determine whether that claim survives the frivolity review mandated by the PLRA.  28 U.S.C.A. § 1915(e)(2)(B).  In undertaking that statutorily mandated review, the Magistrate Judge found that Plaintiff's claims are deficient because he named individuals who are not suable or otherwise do not exist.  (See doc. 9-1, pp. 7-8.)  He also found that Plaintiff does not support his allegations with anything more than conclusory allegations of wrongdoing.  (Id., p. 8.)  Moreover, Plaintiff has failed to comply with a court order.  (Id., p. 6.)  The Court agrees and adopts the Magistrate Judge's recommendation that the Complaint be dismissed.  (Doc. 9.)

Plaintiff next objects to the Magistrate Judge's Order assessing filing fees, but has not established that the Order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a) (reversal of a magistrate judge's ruling on a non-dispositive matter is appropriate only upon a finding that the Order is "clearly erroneous or contrary to law.").  Indeed, as noted by the Magistrate Judge, under the PLRA, all prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00.  28 U.S.C. § 1915(b)(1); see Brooks v. Special School Dist. of St. Louis Cnty., 129 F.3d 121 (Table) (8th Cir. 1997).  (See doc. 9-1 at 4.)  IFP status affords prisoners only the ability to avoid prepayment of fees.  Therefore, Plaintiff's objection in this respect is meritless. Plaintiff's repeated failure to respond or adhere to this Court's orders constitutes abuse of the

judicial process, and given his "three-strike" status, he may not continue to frustrate the purpose of the PLRA without suffering the consequences, which include payment of filing fees.

Plaintiff's Objections are, therefore, **OVERRULED.** (Doc. 10.) The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 9.) Plaintiff's Motion for Extension of Time is **DENIED** as **MOOT**. (Doc. 11.) For the reasons discussed by the Magistrate Judge, the Court **DISMISSES** Plaintiff's Complaint. (Doc. 1.) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 28th day of December, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA